HIRAM FINDLEY, PLAINTIFF IN ERROR, V. JOHN J. HORNER, DEFENDANT IN ERROR.

Warranty Deed: WAIVER. In the case made, *held*, that while the vendee had the right to refuse to accept a deed of general warranty of the land until the incumbrances (which were known to him) were first paid off, yet that, by accepting such deed without the incumbrances being paid, he waived that right, and could not, in an action brought by the vendor for the balance of the purchase money, set-off the amount of such incumbrances without first paying them off.

ERROR to the district court for Richardson county. Upon trial there before WEAVER, J., and a jury, verdict was returned in favor of Horner for $411.70. Judgment on verdict and exceptions by Findley.

*Isham Reavis and E. W. Thomas,* for plaintiff in error, cited *Grant v. Johnson,* 5 N. Y., 247. 4 N. Y., 396. 9 Id., 535. 1 Spencer, 214. 15 Wis., 341. 7 Neb., 73.

*George P. Uhl,* for defendant in error, cited 2 Story Con., 946. 2 Wash. on Real Prop., 470. 1 Story Rep., 499. 7 Cranch, 299. 4 Neb., 190.

COBB, J.

The points made by the plaintiff in error consist in great part of objections to testimony admitted by the court over the objections of the plaintiff in error, and to instructions to the jury given and refused by the court over the objections of plaintiff in error. I do not examine these points in detail, because it is quite apparent that if the court erred in any of them it was error without prejudice to the plaintiff in error.

The parties entered into a contract in writing for the sale by the defendant in error to the plaintiff in error of 160 acres of land, therein described, for the sum of $3200, the defendant in error agreeing to make, execute, and deliver to said Findley a good and sufficient deed of general warranty for said premises upon the first day of April, 1875, the plaintiff in error agreeing " to pay to the said John J. Horner the said sum of $3200, as follows : $100 in cash at the time of executing this agreement, $600 on the first day of April, 1875, $600 at the time of the execution and delivery of the deed aforesaid, and $2500 one year thereafter on the first day of April, 1876, with interest after October 1, 1875, at twelve per cent. There were other conditions set out in the said agreement to meet the contingency of the said Horner, being unable to make title to one 40 of the said land, but as such contingency did not happen, no attention need be paid to said conditions. It is admitted that the said payment of $600 was made at or about the time stated in the said agreement, and that the deed was executed and delivered by Horner, and accepted by the agent of Findley on or about the first day of April, 1875, and that Findley went into possession of the property on or about October 1, 1875. At the time of the making of said contract there were

incumbrances on the said land, which were estimated by the parties at about the sum of $2500, the amount of the last payment provided for in the said contract. These incumbrances, or the greater part thereof, remained unpaid at the time of the delivery of the deed. As the deed contained a covenant of warranty against all lawful incumbrances it would have been competent for Findley to have refused to receive said deed until all incumbrances were paid off, but this right he waived by the acceptance of the deed. Having accepted the deed, it was competent for him to have paid off the said incumbrances, and set-off the amount so paid against the last payment still remaining unpaid. But it was not competent for him to retain the title and possession of the land, and, without paying off the incumbrances, set up and urge the same as a defense to the suit of Horner for the unpaid purchase money.

The only instruction given by the court to the jury on the trial of the cause was in the following words: "If you find from the evidence that after the contract, made between the parties to this suit, was entered into, Horner, the plaintiff in this cause, made a deed of general warranty containing covenants against incumbrances, and delivered the same to the defendant, and the plaintiff accepted the same and took possession of the farm under said deed; and if you further find from the evidence that at the time the defendant accepted the said deed and took possession of the said land under the said deed, he (the defendant) knew of all the incumbrances existing against the said land—I say if you find all of the above facts to exist—then you will do this, to-wit: compute the interest on $2500 for one year at twelve per cent per annum, and add the two together, and then find what all the incumbrances existing against the farm on the first day of April, 1876, amounted to; subtract the last amount from the for-

mer, and the balance, if any, will be your verdict for the plaintiff, and if no balance, then your verdict will be for the defendant."

While, as we have seen, I cannot approve of the said instruction, yet as it is altogether too favorable to the plaintiff in error, he cannot be heard to object to it or to the verdict of the jury, which is strictly in accordance therewith.

From the allegations of the petition, which are not denied by the answer, it appears that the said Findley had paid on the said incumbrances the sum of $1,388.35, and no more. It appears therefore that there remained due to the defendant in error the sum of $1,111.65 besides interest, and for which sum I think the defendant in error would have been entitled to judgment on the pleadings had a proper application been made therefor.

Finding no error in the record other than those which were favorable to plaintiff in error, the judgment of the district court should be affirmed.

JUDGMENT AFFIRMED.